CHICAGO—FIRST DISTRICT—MAY, 1914.    17

Am. Multigraph Sales Co. v. Globe Mut. Life Ins. Ass'n, 187 Ill. App. 17.

## American Multigraph Sales Company, Defendant in Error, v. Globe Mutual Life Insurance Association, Plaintiff in Error.

### Gen. No. 19,328.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913, Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by American Multigraph Sales Company against Globe Mutual Life Insurance Association to recover the purchase price of a multigraph machine and certain accessories. Defendant sought to avoid payment on the ground that it did not comply with a certain warranty. The contract contained the words, "Machine warranted to do work as sample attached." The sample was one of defendant's circulars printed on both sides. The machine would print both sides of a circular as shown by the sample with electrotype but not with loose type, and defendant claims that the warranty related to the use of loose type and not electrotype. To reverse a judgment in favor of plaintiff, defendant prosecutes error.

M. H. HOEY, for plaintiff in error.

HAIGHT, BROWN & HAIGHT, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 279*—*when acceptance and use of machine waives warranty.* In an action for the purchase price of a multigraph machine, where the defense was that there was a breach of warranty, it appeared that the defendant had kept and used the machine for more than a year from the date of its delivery and that he had

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

employed it for other purposes than that referred to in the warranty. *Held* that such acceptance and use of the machine constituted a waiver of the breach of warranty and that the warranty did not survive acceptance.

---

### Englewood Sash & Door Company, Defendant in Error, v. Maggie Goetzinger and Richard Stark, Plaintiffs in Error.

#### Gen. No. 19,435.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts.* Under section 23 of the Municipal Court Act, J. &. A. ¶ 3335, a statement of facts must include the facts appearing on the trial, the questions of law involved and the decision of the court upon such questions of law, and when presented to be signed should be certified as, or at least appear to be, correct.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when statement of facts insufficient.* A so-called statement of facts not certified to by the trial judge as correct and containing nothing more than a recitation of testimony of several witnesses, *held* not to constitute such a statement as is required by section 23, par. 6 of the Municipal Court Act, J. &. A. ¶ 3335.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

JOHN E. ERICKSON, for plaintiffs in error.

O. D. OLSON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The writ of error brings up for review a case in the Municipal Court of Chicago of the fourth class. All the assignments of error relate to proceedings at the trial, but they have not been properly preserved for review.

Section 23, par. 6, of the Municipal Court Act (J. & A. ¶ 3335), makes it the duty of the trial judge, in

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.